## Tomkovic Estate.

Argued September 25, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Paul N. Barna,* for appellants.

*George O. Frazier,* with him *Thomas R. Balaban* and *Smith, Marion & Balaban,* for appellee.

OPINION BY MR. JUSTICE JONES, November 13, 1951:

This is a joint appeal by a husband and wife from a final decree disallowing their claim against the estate of the decedent. The claim in the stated sum of $4,920 was laid in the alternative, viz., either (1) as a gift by the decedent in her lifetime to the claimants in recognition of services they had allegedly rendered her and would thereafter render or (2) on a quantum meruit for the services said to have been performed.

As the separate grounds thus advanced in support of the claim were inconsistent—in reality the one impeached the integrity of the other—the claimants were properly called upon at the outset of the hearing to elect. Thereupon their counsel stated that they chose to stand upon the claim of gift. Most of the testimony, however, which they adduced at the hearing, related to the character and extent of services which the wife-claimant was said to have performed for the decedent in her lifetime. The court admitted this testimony in evidence as having some bearing on the possible existence of an *animus donandi* on the part of the decedent toward the wife-claimant. At the conclusion of the hearing, counsel for the claimants renewed their contention that, if the evidence was insufficient to sustain the claim of gift, the claimants were entitled, nonetheless, to compensation on the basis of a quantum meruit. The learned auditing judge rejected the claim because of the insufficiency of the evidence to support it on either ground.

This appeal raises no more than a question as to whether the evidence justified the findings and conclusions of the trial court. On the basis of the record before us, the answer to that inquiry is necessarily in the affirmative. The testimony offered by the claimants is vague, indefinite and unspecific. Taken either as a whole or in part, it cannot be said to measure up to the dignity of the clear and satisfactory proof of a

present intention to give, coupled with an effectual delivery, which the law requires for the adversary establishment of a gift *inter vivos*. No useful purpose can be served by our now reviewing the testimony in detail for the demonstration of its utter want of any probative value on the issue of an alleged gift. Moreover, the extent to which the witnesses for the claimants were to be believed, if at all, was appropriately a matter for the trial court's discretion which we cannot say was exercised unwisely. Nor does the claim to compensation on a quantum meruit stand on any firmer ground even if such a claim remained available to the claimants after their election, at trial, to rest on their claim of gift.

The appellants' further contention that the court should have awarded an issue for trial in the Common Pleas is equally without merit. The property to which they laid claim was in the possession of the decedent at the time of her death and, subsequently, duly passed into the hands of her personal representative. Jurisdiction of the controversy was therefore in the Orphans' Court and, as the testimony failed to disclose a substantial dispute, the auditing judge properly exercised his discretion by refusing an issue: see *Keyser's Estate,* 329 Pa. 514, 518-519, 198 A. 125.

Decree affirmed at appellants' costs.